**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

LEONARDO TUCKER,

        Petitioner,

v.                                      ACTION NO. 2:12-cv-00040

HAROLD W. CLARKE,
Director
Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

    This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

    Petitioner Leonardo Tucker ("Petitioner" or "Tucker") is in state custody pursuant to a December 4, 2006 conviction in the Circuit Court for the City of Hampton on felony charges of Aggravated Malicious Wounding and Use of a Firearm. ECF No. 5-1. On June 28, 2007, Tucker was sentenced to twenty-three years of incarceration in the Virginia penal system. *Id.* Tucker filed a direct appeal with the Virginia Court of Appeals alleging insufficient evidence, error by the trial court in admitting particular items of evidence, and errors in the jury instructions and the verdict form. ECF No. 5-2. On August 14, 2008, the Virginia Court of Appeals denied Tucker's appeal. *Id.* Subsequently, on December 19, 2008, the Supreme Court

of Virginia refused Tucker's petition of appeal. ECF No. 5-3.

On December 21, 2009, Tucker filed a petition seeking a writ of habeas corpus with the Circuit Court for the City of Hampton. ECF No. 8-1. The petition was denied and dismissed by final order of that court on January 4, 2011. Thereafter, on October 24, 2011, the Supreme Court of Virginia declined review of Tucker's state habeas petition. ECF No. 5-7.

With the assistance of counsel, on January 19, 2012, Tucker filed a petition seeking a writ of habeas corpus in this Court under 28 U.S.C. § 2254. ECF No. 1. On March 8, 2012, Respondent filed a Rule 5 Answer and Motion to Dismiss. ECF Nos. 3 & 4. On March 29, 2012, Tucker filed a response to Respondent's Motion to Dismiss. This Court, through an order dated May 10, 2012, ordered additional briefing explaining the impact, if any, of the recent United States Supreme Court decisions in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, 132 S.Ct. 1399 (2012). ECF No. 7. The briefs from both parties were filed on June 6, 2012. ECF Nos. 8 & 9. To the extent that Tucker has requested an evidentiary hearing on the issues presented in his petition, the Court DENIES the request, as purely legal issues are presented, and the Court may adequately resolve the issues as presented in the briefs. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, this matter is ripe for review.

Tucker asserts that he is entitled to relief under 28 U.S.C. § 2254 on the grounds that his 5th, 6th, and 14th Amendment rights were violated due to the ineffective assistance of counsel in that: (A) Due to counsel's unreasonable delay in communicating Tucker's acceptance of the Commonwealth's offer of a five year sentence in exchange for a guilty plea, the offer was withdrawn when the jury reached a verdict; and (B) Counsel failed to fully cross-examine and impeach the victim regarding inconsistencies between the victim's testimony at the preliminary

hearing and his testimony at trial, and counsel failed to offer evidence of these inconsistencies in the form of specific pages of the preliminary hearing transcript. ECF No. 1, 12, 23.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to review the merits of Tucker's claims, each claim must be exhausted. *See* 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993); *see also*, *Jones v. Sussex I State Prison*, 591 F.3d 707, 712-13 (4th Cir. 2010). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). All of Tucker's claims are exhausted because they were either presented to the Supreme Court of Virginia, or because they can no longer be raised.

### B. Standard of Review

Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established Federal law when a state court arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of Federal law when the court identifies the correct governing legal principal from the decisions of the Supreme Court, but unreasonably applies that principal to the facts of the case. *Id.* at 413. A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89. In the Fourth Circuit, under *Bell v. Jarvis*, a denial of appeal by the Virginia Supreme Court is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000). Accordingly, this Court must apply the same deferential standard of §2254 to a review of the decision of the Circuit Court of the City of Hampton dismissing Tucker's state habeas petition, upon which the Supreme Court of Virginia relied in rejecting Tucker's appeal.[1]

**C. Analysis**

In the petition before this Court, Tucker asserts claims of ineffective assistance of counsel

---

[1] The Circuit Court for the City of Hampton granted Respondent's motion to dismiss Tucker's state habeas petition and the Supreme Court of Virginia refused Tucker's appeal of that decision. Under *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), the circuit court opinion is, therefore, the last reasoned state decision.

at trial, and must meet the standard for ineffective assistance of counsel claims established by *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a review of counsel's performance, to determine 1) whether it fell below an objective standard of reasonableness and 2) whether Tucker suffered actual prejudice as a result. *Strickland*, 466 U.S. at 687-96. The "performance prong" of review under *Strickland* requires Tucker to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Tucker must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The "prejudice prong" requires Tucker to show that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In order to meet the burden of establishing a reasonable probability of a different result, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Tucker must show "probability sufficient to undermine confidence in the outcome." *Id.* at 694. If a claim may be disposed of under one prong, analysis under the remaining prong is not required. *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Because this claim is presented in a petition for federal habeas review under § 2254, Tucker must show that the Supreme Court of Virginia's dismissal of his ineffective assistance of counsel claims was contrary to or an unreasonable application of the *Strickland* standard. 28 U.S.C. § 2254.

In Tucker's first claim, he alleges that his trial counsel was ineffective because he failed to promptly communicate Tucker's acceptance of the Commonwealth's plea. ECF No. 1, 12.

Tucker claims that when the jury left the courtroom to deliberate, he came to the decision that he would accept the Commonwealth's most recent plea offer of five years in exchange for a guilty plea. ECF No. 1-2, Affidavit of Juli B. Tucker. After he communicated this decision to his trial counsel, "counsel insisted that Petitioner discuss the decision with his family" and then "disappeared." ECF No. 1, 12-13. Counsel returned but "left a second time, presumably to go to the restroom." *Id.* at 13. When counsel then spoke to the Commonwealth's Attorney, it was "perhaps one or two minutes, before the jury knocked on the door with a verdict in hand." At that point, the Commonwealth indicated it was too late and withdrew the offer. *Id.*

The Circuit Court for the City of Hampton, on review of this claim as asserted in Tucker's state habeas petition, found that the petitioner failed to meet both the prejudice and the performance prongs under *Strickland*. ECF No. 8-1, 4. Under the performance prong, the circuit court rejected Tucker's argument that counsel's failure to immediately convey his intention to accept the plea offer rose to the level of constitutionally unreasonable performance. *Id.* Under the prejudice prong, the circuit court found that Tucker "has not demonstrated a reasonable probability that the prosecutor would have accepted the plea agreement if counsel had communicated his acceptance of the offer before the jury indicated it reached a verdict." *Id.* at 5. The circuit court noted that the prosecutor appeared to have "simply changed his mind about the offer" and that "the prosecutor was not required to enter into the agreement and could withdraw it at any time" before Tucker entered a guilty plea or otherwise suffered prejudice as a result of changing his position in reliance on the plea bargain. *Id.* at 5-6.

This Court agrees with the findings of the Circuit Court of the City of Hampton and finds that the circuit court did not contravene or unreasonably apply the *Strickland* standard or

unreasonably interpret the facts, in evaluating Tucker's first ineffective assistance of counsel claim. It is clear that counsel's performance was neither deficient nor did it cause prejudice to Tucker. As Respondent points out, Tucker "had previously rejected a plea offer and had demanded that he must not report until after Christmas because he wanted to be with his family." ECF No. 5, 11. Therefore, it was reasonable for Tucker's counsel to give him some time to ensure Tucker was certain he wanted to proceed with accepting the plea. Additionally, even if we were to find that Tucker's counsel unreasonably delayed communicating Tucker's acceptance of the plea offer, Tucker has not demonstrated that the Commonwealth would have accepted his agreement to the plea had it been offered earlier. Therefore, Tucker has not shown that he suffered prejudice as a result of counsel's performance, as required by *Strickland*.

The recent Supreme Court cases of *Lafler v. Cooper* and *Missouri v. Frye* are not applicable to this petition. In *Frye*, the prosecutor communicated an offer of a choice of plea bargains to Frye's attorney. *Frye*, 132 S. Ct. at 1404. Frye's attorney never communicated this offer to his client, and the offer eventually expired. *Id.* Frye ultimately pled guilty to the criminal charges and was sentenced to three years in prison. *Id.* at 1404-05.

The Court held that a criminal defendant has the right to effective assistance of counsel during plea bargaining, and that defense counsel has "the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408. The Court went on to find that the failure of Frye's counsel to communicate the offer of a plea bargain to Frye constituted deficient performance under *Strickland*. *Id.* at 1409. Additionally, the Court held that to satisfy the prejudice prong of *Strickland* in the context of an uncommunicated, expired plea bargain, defendants must show "a

7

reasonable probability they would have accepted the earlier plea offer" and "a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Id.* at 1410. Because Tucker's counsel clearly communicated the Commonwealth's offer, *Frye* is inapplicable to Tucker's petition. *See, e.g.* ECF No. 1-2, Affidavit of Juli B. Tucker ("Mr. Venner presented the plea to my husband in front of myself and Rose Tucker.").

Similarly, in *Cooper*, the Court dealt with an argument by a criminal defendant that he was denied effective assistance of counsel in the plea bargaining phase of his case. *Cooper*, 132 S. Ct. at 1383. Specifically, Cooper "argued his attorney's advice to reject the plea constituted ineffective assistance." *Id.* Cooper's attorney had advised him to reject the deal because "the prosecution would be unable to establish his intent to murder Mundy because she had been shot below the waist." *Id.* Here too, the Court held that a defendant has a right to effective assistance of counsel in considering whether to accept a plea bargain, and that prejudice can be shown if ineffective assistance results in a conviction on more serious charges or a more severe sentence.[2] *Id.* at 1387. Because Tucker has not asserted that counsel improperly advised him to accept or reject the Commonwealth's offer of a plea, *Cooper* is inapplicable to this petition.

In Tucker's second claim, he alleges that his trial counsel was ineffective in that he failed to fully impeach the victim on all of the victim's inconsistent statements. ECF No. 1, 23. Tucker claims that his counsel should have more fully examined the victim on these inconsistencies and offered the preliminary hearing transcript into evidence. *Id.*

---

[2] In *Cooper*, it was conceded that the advice given by Cooper's counsel with regards to the plea offer "fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment . . .". *Cooper*, 132 S. Ct. at 1383.

8

When addressing this claim in Tucker's state habeas petition, the Circuit Court of the City of Hampton found that Tucker failed to prove both deficient performance and prejudice under *Strickland*. ECF No. 8-1, 7-8. The court noted that "[c]ross-examination is a matter of trial strategy" and that "deciding which questions to ask . . . is a matter of trial tactics." *Id.* at 7. The court made note of the large amount of evidence presented against Tucker in this case and found that Tucker's counsel had sufficiently impeached the victim. *Id.* at 8-9 ("The evidence presented at trial was such that any potential further impeachment of the victim would have been merely cumulative and would not have yielded a reasonable probability of a different result at trial.").

It is again clear that counsel's performance was neither deficient nor the cause of prejudice towards Tucker. Tucker has not asserted circumstances sufficient to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In addition, as the circuit court correctly noted, Tucker's counsel demonstrated on cross-examination that the victim had made inconsistent statements, had prior convictions, and had consumed alcohol and drugs the night of the shooting. ECF No. 8-1, 9. *See also*, ECF No. 1-2, Trial Transcript, 22-44. In light of this substantial impeachment evidence, it was entirely reasonable for the circuit court to find that any further impeachment evidence "would have been merely cumulative and would not have yielded a reasonable probability of a different result at trial." Therefore, Tucker has also failed to satisfy the prejudice prong of *Strickland* on this claim. *Strickland*, 466 U.S. at 694.

Accordingly, because Tucker has failed to demonstrate both deficient performance by counsel and resulting prejudice on both of his ineffective assistance of counsel claims, the state

9

court reasonably applied *Strickland* in denying Tucker's petition for habeas relief. Therefore, under 28 U.S.C. § 2254, this Court may not grant relief on Tucker's federal petition.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for a writ of habeas corpus (ECF No. 1) be DENIED and the Respondent's Motion to Dismiss (ECF No. 5) be GRANTED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                       /s/
                                                           Tommy E. Miller
                                        United States Magistrate Judge

Norfolk, Virginia
July 31, 2012

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

David Bernard Hargett
Hargett Law, PLC
Suite C
Glen Allen, VA 23059

Rosemary Bourne
Office of the Attorney General
(Richmond)
900 E. Main St.
Richmond, VA 23219

                                                    Fernando Galindo, Clerk

                                  By _____
                                              Deputy Clerk

                                              August      , 2012